UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Porter Johnson,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections,<br><br>Defendant. | ) C/A No. 9:19-1169-HMH-BM<br><br><br><br>) **REPORT AND RECOMMENDATION** |

The Plaintiff, Porter Johnson, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Lee Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow for the development of a potentially meritorious case. Erickson v. Pardus,



551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes v. Rowe, 449 U.S. 5, 9 (1980).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

**Discussion**

Plaintiff alleges claims concerning his SCDC record. In his Complaint, Plaintiff states that his federal constitutional or statutory rights that have been violated are "Double Jeopardy, Due Process, & Matter of Law", and claims that these rights were violated under both state and federal statutes (Plaintiff fails to identify any particular statutes). Complaint, ECF No. 1 at 4. Specifically, he asserts that his due process rights were violated because a "901 Class I Escape" was put on his record without a hearing; there was a double jeopardy violation because he was not charged nor was he convicted of a 901 Class I Escape (but instead he was charged and convicted of "904 Poss. of Escape Tools"), but was punished for such; and that his rights were violated as a "matter of law" because the Chief South Carolina Administrative Judge stated that SCDC could not base Plaintiff's classification on a charge for which Plaintiff was not charged or convicted. ECF No. 1 at 5. Plaintiff requests monetary damages and removal of the Class I Escape from his record. Id. at 9.

Plaintiff's public SCDC record (Inmate Search Detail Report) indicates, under the heading "Current Offenses", that Plaintiff is serving life sentences (Greenville County) that began





in December 1995 for murder and burglary first degree, as well as two five-year sentences (McCormick County) that began in August 2016 for smuggling/possession of contraband and in March 2017 for escape. Under the heading "Escapes" there is a notation of an attempted escape, class I, on August 14, 2016. Additionally, the "Disciplinaries" section of the SCDC record indicates that Plaintiff's most recent disciplinary convictions were in August 2016 for possession of contraband, possession or attempt to possess a cell phone, and possession of escape tools/paraphernalia. However, there is no indication of an SCDC disciplinary action for escape. See http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Porter Johnson"].[1] Records from McCormick County indicate that Plaintiff pled guilty to the charge of "Prisoners/Contraband, possession by prisoner, furnishing or attempt to furnish prisoner with", and was sentenced to a five-year term of imprisonment; and pled guilty to the charge of "Escape", for which he was sentenced to a concurrent five-year term of imprisonment. See McCormick County Eleventh Judicial Circuit Public Index, https://publicindex.sccourts.org/McCormick/PublicIndex/CaseDetails.aspx?County=35&CourtAgency=35001&Casenum=2016A3510100212&CaseType=C&HKey=4811811699735743901181221088410465878286103487598119507610780113775276521201181121021121145773776512011 (contraband); https://publicindex.sccourts.org/McCormick/PublicIndex/CaseDetails.aspx?County=35&CourtAgency=35001&Casenum=2016A3510100211&CaseType=C&HKey=8210981737566478073475353103557067779874661006610887727875121118116801069910065766677535311351107 (escape).

---

[1]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].





Plaintiff alleges that he was denied due process because a "901 Class I Escape" was placed on his record without a hearing. ECF No. 1 at 5. However, as noted above, SCDC (Inmate Search Detail Report) records do not contain any such disciplinary charge or conviction. Further, Plaintiff has not alleged facts to state a due process claim. Although disciplinary proceedings which implicate a protected liberty interest demand due process; see Wolff v. McDonnell, 418 U.S. 539 (1974); to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995)[holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest]. Here, Plaintiff has not alleged that he has suffered any atypical or significant hardship, such as the loss of good-time credits, as a result of any alleged SCDC disciplinary charge or conviction for escape.

Plaintiff also does not state a viable double jeopardy claim as to any of his prison disciplinary proceedings, because double jeopardy does not apply to prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974)["Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."]; Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996) ["[A] prison disciplinary proceeding is no bar to a subsequent criminal prosecution for the same offense"]; Martin v. West, No. 8:17-2754-MGL-JDA, 2017 WL 6888825, at *2 (D.S.C. Dec. 15, 2017) ["[T]he law is clear that





double jeopardy does not apply to prison disciplinary proceedings"], adopted by 2018 WL 388847 (D.S.C. Jan. 11, 2018).

Plaintiff also appears to allege that by improperly placing a "901 Class I Escape" on his SCDC record, his custody classification was adversely affected. However, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)[no constitutional right under the Due Process Clause to a particular security classification or prison placement]. In Sandin v. Conner, the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 486. Hence, under the analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. See id. at 483-85; see also Backey v. South Carolina Dep't. of Corrs., 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996)[allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights]; Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. Dec. 21, 1995)["Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."]; Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)[plaintiff has no protected





interest in remaining in or being released into general population], aff'd, 121 F.3d 699 (4th Cir. 1997).[2]

Plaintiff also complains that the SCDC has not followed certain institutional policies or rules. However, even if true, such allegations do not state a constitutional claim. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not amount to a constitutional violation."](citing Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue].

Plaintiff may also be requesting monetary damages for alleged mental anguish resulting from the escape charge and because there was a riot at the prison (he appears to allege that he would not have been housed at LCI when a riot broke out if the alleged escape disciplinary charge was not on his record). ECF No. 1 at 9. However, there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989).

Additionally, the SCDC (the only named Defendant) is entitled to Eleventh Amendment immunity as to Plaintiff's monetary claims. The Eleventh Amendment to the United

---

[2]While the Fourth Circuit has held that a prisoner may set forth a viable due process claim relating to a custody status decision under some circumstances, Plaintiff has failed to set forth any facts sufficient to proceed on such a claim in this case. Cf. Incumaa v. Stirling, 791 F.3d 517 (4th Cir. 2015).





States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).





Finally, to the extent Plaintiff may be attempting to assert claims under South Carolina law, such claims should be dismissed if the above recommendations are adopted, as Federal Courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). However, as Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over any state law claim.[3] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999)["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, it is also recommended that any state law claims be dismissed.

**Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff is advised that this Report and Recommendation constitutes notice to him of material defects in his filings. See, e.g., Brockington v. South Carolina Dept. of Social Service, No. 17-1028, 2017 WL 1531633 (4th Cir. April 28, 2017) [Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal]; Evans v.

[3]While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff and Defendant are citizens of South Carolina, such that diversity of citizenship does not exist.





Richardson, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017) [same]; Breyan v. All Medical Staff, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017) [same].[4]

Plaintiff's attention is also directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

June 11, 2019
Charleston, South Carolina

---

[4]For example, Plaintiff could potentially cure the defect in his having named a party which enjoys Eleventh Amendment immunity from suit in this Court as the sole Defendant, by amending his Complaint to substitute a proper party Defendant. However, even if a party subject to suit under 1983 was substituted as the party Defendant, that would not cure the other defects in Plaintiff's pleading as set forth hereinabove.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

